IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CR. No. C-04-577 (2) |
| | § | |
| ANTONIO ALVARADO. | § | |

## ORDER DENYING NOTICE OF JUDICIAL COGNIZANCE

On January 17, 2006, the Clerk received from Defendant Antonio Alvarado ("Alvarado") a document titled as a "Notice of Judicial Cognizance." (D.E. 62). In it, Alvarado states that the "sole purpose" of the document is to "inform" the Court about the existence of United States v. Booker, 125 S. Ct. 738 (2005). (D.E. 62 at 1). He acknowledges that he cannot currently bring a claim pursuant to Booker because the Fifth Circuit has not "yet ruled that Booker is retroactive."[1]

He argues, however, that the Supreme Court may in the future determine that Booker is retroactively applicable on collateral review. Thus, he states that he "merely preserves the right for future review of this issue" in the event that the Supreme Court rules that Booker is retroactive. (D.E. 62 at 2). For the reasons set forth herein, the motion is DENIED.

## I.  ANALYSIS

Nowhere does Alvarado's motion identify the statute pursuant to which he seeks relief in this Court. While the proper vehicle for a challenge under Booker is a motion pursuant to 28 U.S.C. § 2255, his motion does not cite to § 2255, nor is it styled as a motion to correct, vacate or reduce his sentence. Cognizant of the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792

---

[1] In fact, the Fifth Circuit has squarely held that Booker is *not* retroactively applicable on collateral review. United States v. Gentry, __ F.3d __, 2005 WL 3317891 (5th Cir. Dec. 8, 2005). Pursuant to Gentry, Booker does not provide a basis for relief to a defendant, such as Alvarado, whose conviction became final before Booker was decided on January 12, 2005. Gentry, 2005 WL 3317891, *6 and n.2.

(2003), the Court declines to construe his motion as a § 2255 motion. Cf. Castro, 124 S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).

The Court notes, however, that even if Alvarado had filed his motion as a § 2255 motion, he would not be entitled to relief pursuant to Booker. As noted supra at note 1, the Fifth Circuit has squarely held that Booker does not apply retroactively on collateral review. United States v. Gentry, __ F.3d __, 2005 WL 3317891, at *6 (5th Cir. Dec. 8, 2005) ("we join the several court of appeals that have held that Booker does not apply retroactively to initial § 2255 motions"). Any claim based on Booker fails for this reason.

The Court recognizes that Alvarado is not seeking direct relief now, but is simply trying to preserve his rights under Booker, in the hopes that the Supreme Court will determine that the case should be applied retroactively. He has cited to no authority, however, and this Court has not found any, allowing a § 2255 movant to merely file a motion as a type of "placeholder" and requiring the district court to allow it to remain pending until the Supreme Court chooses to address the retroactivity of an earlier case.

The Court acknowledges that, if the Supreme Court ultimately decides Booker is retroactively applicable, defendants will have to have filed their § 2255 motions not later than January 12, 2006. Dodd v. United States, 125 S. Ct. 2478, 2482 (2005) (limitations period under § 2255 ¶ 6(3) begins to run on the date on which the Supreme Court initially recognizes the right asserted). January 12, 2006 has now passed and the Supreme Court has not yet ruled on the issue. Cf. Dodd, 125 S. Ct. at

2483 (calling it a "rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year").

Thus, assuming the rule set forth in <u>Dodd</u> remains unchanged and Congress does not intervene, Alvarado will be unable to obtain relief under <u>Booker</u>, even if the Supreme Court eventually determines the case should be applied retroactively on collateral review.  This harsh result, however, is merely a consequence of a statute that Congress has enacted and that the Supreme Court is "not free to rewrite."  <u>See id.</u>  Furthermore, this harsh result does not give this Court license to ignore binding authority.  As the law stands now, Alvarado is not entitled to relief under <u>Booker</u>, and this Court must apply the law.  <u>See</u> <u>Gentry</u>, <u>supra</u>.

## II.      CONCLUSION

For the foregoing reasons, Defendant's motion (D.E. 62) is DENIED.

Ordered this 23rd day of January, 2006.


_____
Janis Graham Jack
United States District Judge